IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSEPH ZANE ALLEN                                                                              PLAINTIFF

v.                                          Civil No. 1:19-cv-01036

SGT. STEPHEN LOVE; LT. KEVIN PENDLETON;
and JEREMIAH WELLS, Inmate                                       DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Joseph Zane Allen pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court is obligated to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

**I. BACKGROUND**

Plaintiff Joseph Zane Allen is currently incarcerated in the Union County Detention Center ("UCDC") in El Dorado, Arkansas. Plaintiff filed this civil rights action *pro se* on September 11, 2019. (ECF No. 1). In his Complaint, Plaintiff names Stephen Love—a Sergeant at the UCDC; Kevin Pendleton—a Lieutenant at the UCDC; and Jeremiah Wells—an inmate at the UCDC, as Defendants.

Plaintiff alleges he submitted grievances to Defendants Pendleton and Love asking to be moved away from Defendant Wells because Defendant Wells threatened him. Three days after Plaintiff submitted his requests to be moved, Defendant Wells attacked him. As a result of the attack, Plaintiff suffered a broken nose and stitches in his left eyebrow. Plaintiff also claims he was denied adequate medical care and suffered "pain and suffering and mental anguish." (ECF No. 1, p. 4). Plaintiff sues Defendants in their official and individual capacities. He seeks

compensatory damages. Plaintiff also requests to be released from the UCDC so he "can have [his] eye checked out by a professional physician[.]" (*Id.* at p. 7).

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *Id*.

To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to

the State." *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. Moreover, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987).

Upon review of Plaintiff's Complaint, Plaintiff has not alleged any facts showing Defendant Wells was a state actor or acting under color of state law when he attacked Plaintiff at the UCDC. Rather, Plaintiff alleges Defendant Wells was a fellow inmate. Thus, Defendant Wells is not subject to liability under Section 1983 and Plaintiff's claims against him should be dismissed.

### III. CONCLUSION

For the above reasons, Plaintiff's claims against Defendant Jeremiah Wells are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate Jeremiah Wells as a defendant in this lawsuit. The matter of service on Defendants Love and Pendleton will be addressed by separate order.

**IT IS SO ORDERED**, this 17th day of October 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

3